## TAYLOR v. ROSSITER alias VANDERSLICE.

### January 4, 1840.

*Demurrer to plea in abatement.*

Plaintiff sues one " H. Rossiter alias Vanderslice" and so declares. Defendant pleads in abatement that his name is and was always known as " Jacob F. Vanderslice." Plaintiff replies that defendant was called and known as

[Taylor v. Rossiter alias Vanderslice.]

well by the name of " H. Rossiter" as by the name of " Jacob F. Vanderslice."
Defendant demurred. The demurrer was held to be bad, and judgment of
*respondeas ouster* was entered.

THIS was an action brought to December term, 1838, No.
1043, in which " William Taylor" was the plaintiff, and " H.
Rossiter, alias Vanderslice" was the defendant. The plaintiff's
declaration followed the writ as to the names of the parties. The
defendant filed the following plea in abatement, viz. :

" Jacob F. Vanderslice, sued by the name of H. Rossiter, alias
Vanderslice *v.* William Taylor.

And Jacob F. Vanderslice, against whom the said plaintiff hath
issued his writ, and declared thereon by the name of H. Rossiter
alias Vanderslice, in his own person comes and says that he is
named and called Jacob F. Vanderslice, and by that name and
surname hath always, since the time of his nativity, hitherto been
named and called: without this that the said Jacob F. Vander-
slice now is, or ever was named, or called by the name of H.
Rossiter, alias Vanderslice, as by the said writ and declaration
thereon founded is supposed : and this the said Jacob F. Vander-
slice is ready to verify, wherefore he prays judgment of the said
writ and declaration thereon founded, and that the same may be
quashed, &c."

The plea was accompanied by the usual affidavit by the de-
fendant.

The plaintiff filed the following replication, viz. :

" And the said plaintiff saith, that the said writ and declaration,
by reason of any thing the said Jacob F. Vanderslice in his said
plea above alleged, ought not to be quashed, because he saith that
the said Jacob F. Vanderslice, long before, and at the time of
issuing the said writ and filing the said declaration, was and still
is called and known as well by the name of H. Rossiter, as by
the name of Jacob F. Vanderslice, to wit at the county aforesaid,
and this the said plaintiff prays may be inquired of by the country."

Defendant demurred as follows, viz. :

" And the said defendant saith, that the replication of the said
plaintiff, to the said plea of the said defendant, and the matters
therein contained, in manner and form as the same are above
pleaded and set forth, are not sufficient in law for the said plaintiff,
to have or maintain his aforesaid action thereof against the said
defendant, and that he the said defendant is not bound by law to

[Taylor v. Rossiter alias Vanderslice.]

answer the same and this the said defendant is ready to verify; wherefore, by reason of the said insufficiency of the said replication in this behalf, the said defendant prays judgment, if the said plaintiff ought to have or maintain his aforesaid action thereof against him; and the said defendant, according to the form of the statute in such case made and provided, states and shows to the court here, the following causes of demurrer in law to the said replication that is to say, that the said plaintiff, in his said replication, has not tendered an issue on the fact pleaded by the said defendant, in his said plea, nor alleged any new matter by which the fact stated in the said plea, might or could be avoided; and also, that the said replication attempts to put in issue a matter not alleged or traversed in said plea; and because the said replication attempts to put in issue a matter wholly immaterial and irrelevant in this action, and is a departure from the said declaration in this cause—and also for that the said replication is in other respects uncertain, informal and insufficient."

The plaintiff joined in demurrer.

*Gibbons*, for plaintiff.
*Ingraham*, for defendant.

The counsel cited 1 *Ch. Pl.* 618; *Comyn's Dig. tit. Abatement, F. pl.* 18; 6 *Mod.* 116; 4 *Mod.* 347; *St. on Pl.* 495; 4 *Johns.* 118.

PER CURIAM.—The plaintiff's replication is sufficient. It traverses the matter set up in the plea, and avers the name of the defendant to be known as set forth in the writ, and in the declaration. The plea says defendant's name was always Vanderslice, and that he was never known by any other name. The plaintiff replies, admitting that defendant had been known by the name of Vanderslice, but avers that he was as well known by another name, viz.: Rossiter, (see 1 *Tidd* 688). Here is a distinct issue. We must therefore enter judgment that defendant answer over to plaintiff's declaration.

Judgment accordingly.